UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-00113-TBR

JOHN G. TURNER                                                                      PLAINTIFF

v.

LEGGETT & PLATT, INC.                                                          DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Partially Dismiss Plaintiff's Complaint (Docket #5) and Motion for Partial Summary Judgment (Docket #6). Plaintiff has filed a response (Docket #9) and Defendant has filed two separate replies (Docket #11 & #12). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Partially Dismiss Plaintiff's Complaint is **GRANTED** in part and **DENIED** in part and Defendant's Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

Plaintiff, John Turner, is a former employee of Defendant, Leggett & Platt, Inc. In late 2006, Plaintiff, who then resided and worked in Columbus, Ohio, was recruited by Defendant to fill the position of Director of Sales and Marketing for Defendant's Plastics Division located in Murray, Kentucky. Plaintiff received a letter from Defendant offering him the position on February 7, 2007. Plaintiff accepted, relocated to Kentucky, and began work on March 5, 2007.

On his first day of work, Plaintiff signed various documents pertaining to his new employment, including tax forms, healthcare forms, and an Employee Invention and Confidentiality Agreement. Plaintiff did not, and has never, signed a formal employment contract. After working for a couple of weeks, it became apparent to Plaintiff that his actual job

duties were not those that were initially described to him during the recruitment process.  Instead of developing a sales and marketing plan for the Plastics Division, Plaintiff spent most of his days "socializing" with other employees and long-term customers.  In October 2007, Plaintiff was informed that the Plastics Division was for sale.  Plaintiff expressed concern to his supervisor about his future employment, but was assured that a position would be available for him should the Plastics Division be sold.  On November 14, 2007, Plaintiff signed an acknowledgment stating that he had received and read a copy of the Defendant's Business Policies Manual.  The manual included a provision stating that "[t]he Company's policy is to be an employment-at-will employer," unless a written employment agreement signed by an authorized officer stated otherwise.  Plaintiff was terminated in April 2008.

In his Complaint, Plaintiff contends that Defendant improperly recruited, retained, and discharged him.  He alleges claims for breach of express and implied contract, outrage, disability discrimination, fraud, and promissory estoppel.  Defendant moves the Court to partially dismiss Plaintiff's breach of contract, outrage, and disability discrimination claims.  Defendant also moves the Court to grant partial summary judgment in Defendant's favor regarding Plaintiff's fraud and promissory estoppel claims.

## MOTION TO DISMISS STANDARD

Defendant moves the Court to partially dismiss Plaintiff's breach of contract, outrage, and disability claims under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court*

2

*of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

The Supreme Court's recent decision in *Bell Atlantic Corporation v. Twombly* clarifies the pleading standard necessary to survive a Rule 12(b)(6) motion to dismiss. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

### I.      Breach of Contract

Kentucky is an at-will employment state, meaning that an employer can discharge an employee for any reason, including a morally indefensible one. *Grzyb v. Evans*, 700 S.W.2d 399, 400 (Ky. 1985). "Absent a clear statement not to terminate without cause, the assumption is

that the parties intended to enter into an ordinary employment relationship, terminable at the will of either party." *McNutt v. Mediplex of Kentucky, Inc.*, 836 F.Supp. 419, 421 (W.D. Ky. 1993) (citing *Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489, 492 (Ky. 1983)).  To establish a breach of express contract claim under Kentucky law, a plaintiff must show by clear and convincing evidence that an agreement existed between the parties.  *See Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F.Supp.2d 784, 790 (W.D. Ky. 2001).  "An implied contract is one neither oral nor written-but rather, implied in fact, based on the parties' actions." *Hammond v. Heritage Communications, Inc.*, 756 S.W.2d 152, 154 (Ky. Ct. App. 1988).  To establish a breach of implied contract claim under Kentucky law, a plaintiff must show a violation of a constitutionally protected right or a right implicit in a statute.  *Id.* (citing *Firestone Textile Co. Div. v. Meadows, Ky.*, 666 S.W.2d 730 (Ky. 1984)).

In his Complaint, Plaintiff alleges breach of express and implied contract claims.  These claims allege sufficient facts to state claims for relief that are plausible on their face.  Plaintiff alleges that he was employed by Defendant and that an agreement existed between the parties.  Plaintiff further alleges that Defendant breached its express and implied contractual obligations by failing to fulfill its oral representations and assurance made to him.

The Court adopts a liberal reading of *Twombly*, believing that Plaintiff's Complaint, while terse, pleads facts sufficient to give Defendant fair notice regarding the grounds upon which his breach of contract claims rest.  Upon the completion of discovery, however, Defendant may find it appropriate to renew its motion.  Until that time, the Court must deny Defendant's motion in regard to Plaintiff's breach of express and implied contract claims.

**II.    Outrage**

4

Kentucky law has adopted the tort of outrageous conduct as set forth in Restatement Second of Torts § 46(1):

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

The tort of outrage serves as a "gap-filler," "providing redress for extreme emotional distress where traditional common law actions do not." *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001). To establish a claim for outrage, "the plaintiff must show that defendant's conduct was intentional or reckless, that the conduct was so outrageous and intolerable as to offend generally accepted standards of morality and decency, that a causal connection exists between the conduct complained of and the distress suffered, and that the resulting emotional stress was severe." *Id.* at 480-81 (citing *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)).

Here, Plaintiff has alleged facts sufficient to state a claim for relief that is plausible on its face. Plaintiff alleges that Defendant's conduct was intentional and outrageous, and that he suffered emotional distress, mental anguish, and humiliation as a result. The Court finds that these pleadings are sufficient to put the Defendant on notice as to the nature of the claim and the grounds that support it.

## III.    Kentucky Equal Opportunities Act

In his Complaint, Plaintiff alleges that he was discharged in violation of the Kentucky Equal Opportunities Act. Specifically, he alleges that Defendant committed prohibited employment practices in violation of Kentucky Revised Statute §207.150.

The Kentucky Equal Opportunities Act protects disabled employees from unjust hiring practices, discharge, or discrimination by employers.  KY. REV. STAT. ANN. §207.130 et. seq. Section 207.150 pertains to unlawful employment practices as they relate to physically disabled individuals.  The Act defines "physical disability" as "the physical condition of a person whether congenital or acquired, which constitutes a substantial disability to that person and is demonstrable by medically accepted clinical or laboratory diagnostic techniques."  KY. REV. STAT. ANN. §207.130(2).  To present a claim for disability discrimination under the Act, a plaintiff must demonstrate that (1) he is a physically disabled person within the meaning of the Act, and (2) that he was discharged because of his physical disability.  *Whitlow v. Kentucky Mfg. Co.*, 762 S.W.2d 808 (Ky. Ct. App. 1988).

Plaintiff has not pled sufficient facts to support his discrimination claim because he has failed to allege that he is a disabled person within the meaning of the Act.  At no point in the pleadings does Plaintiff allege a physical disability.  Plaintiff's response brief is likewise deficient.  Accordingly, the Court finds that Plaintiff's disability discrimination claim must be dismissed.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Defendant moves for partial summary judgment of Plaintiff's fraud and promissory estoppel claims under FED. R. CIV. P. 56(b).  Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A defending party can move for summary judgment "at any time," including before any discovery has taken place.  FED. R. CIV. P. 56(b).  *See Jefferson v.*

6

*Chattanooga Pub. Co.*, 375 F.3d 461, 463 (6th Cir. 2004) ("it is well-established that a motion for summary judgment may be filed prior to discovery").

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I.   Fraud

To establish a prima facie case for fraud under Kentucky law, a plaintiff must prove by clear and convincing evidence that: (1) the defendant made a material misrepresentation to the plaintiff; (2) the misrepresentation was false; (3) the defendant knew it was false or made it recklessly; (4) the defendant induced the plaintiff to act upon the misrepresentation; (5) the plaintiff relied upon the misrepresentation; and (6) the misrepresentation caused injury to the

plaintiff.  *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky. Ct. App. 2007) (citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)).  "Under Kentucky law, representations as to future conduct will not support a fraud claim.  However, a statement as to future conduct may form the basis for a misrepresentation claim if made with the intent to induce the other party to enter into a contract."  *Davis v. Siemens Medical Solutions USA, Inc.*, 399 F.Supp.2d 785, 800 (W.D. Ky. 2005) (internal citations omitted).  Finally, "the claimant must be justified in relying upon the representations in the exercise of common prudence and diligence."  *Wells v. Huish Detergents, Inc.*, 19 Fed.Appx. 168 (6th Cir. 2001) (citing *Selke v. Stewart*, 260 Ky. 442, 86 S.W.2d 83, 87 (1935)).

Defendant contends that Plaintiff was aware of his at-will employment status.  Therefore, Plaintiff could not have reasonably relied on any oral representations of continuous employment made by his supervisors.  In support of this contention, Defendant points to the Employee Invention and Confidentiality Agreement that Plaintiff signed on his first day of work in March 2007, which states that Defendant "may terminate my employment at any time."  Defendant's Business Policies Manual also states that it is an at-will employer.  Plaintiff signed a form acknowledging that he received a copy of the manual and read it in November 2007.

In response, Plaintiff contends that the purpose of the Employee Invention and Confidentiality Agreement is to protect future company assets, not inform Plaintiff as to the scope of his employment.  Furthermore, Defendant had already made its promises and representations to Plaintiff in October 2007 before Plaintiff signed the acknowledgment form regarding the Business Policies Manual in November 2007.  In support of these contentions, Plaintiff points to *United Parcel Service Co. v. Rickert*.  996 S.W.2d 464 (Ky. 1999).  While the

facts of *Rickert* are somewhat similar to this case in that they involve a worker who relied on the promises of an employer to his detriment, *Rickert* says nothing about what constitutes reasonable reliance for purposes of determining fraud.

Defendant maintains that under Kentucky law, a plaintiff may not rely on oral representations that conflict with written disclaimers to the contrary, citing *Butler v. Progressive Cas. Ins. Co.*, 2005 WL 1009621 (W.D. Ky. 2005) and *Davis v. Siemens Medical Solutions USA, Inc.*, 2007 WL 710133 (W.D. Ky. 2007) as dispositive.  However, at this early stage in the litigation, the Court is not convinced that the case law relied upon by Defendant is so decisive. The Court finds that this issue may be better resolved upon the completion of discovery. Because the Court is reluctant to grant summary judgment at this time, Defendant's motion is denied.

## II.       Promissory Estoppel

Promissory estoppel exists where "a party reasonably relies on a statement of another and materially changes his position in reliance on the statement."  *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 642 (Ky. Ct. App.2003).  Under Kentucky law, to state a claim for promissory estoppel requires "'(1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (3) which does induce such action or forbearance; and (4) injustice can be avoided only by enforcement of the promise.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 549 (6th Cir. 2006) (citing *Bergman v. Baptist Healthcare Sys., Inc.*, 344 F.Supp.2d 998, 1003 (W.D. Ky. 2004)).  The reliance must be justified and "a party may not rely on oral representations that conflict with written disclaimers to the contrary which the complaining party earlier specifically

9

acknowledged in writing...." *Rivermont*, 113 S.W.2d at 640-41.

Plaintiff alleges a claim for promissory estoppel based on two sets of promises made at two different times. The first set of promises pertain to Plaintiff's decision to come work for Defendant. Plaintiff alleges that he was promised certain responsibilities and opportunities to grow the Plastics Division and that those promises were merely a rouse to induce him to come work for Defendant. These promises were made prior to Plaintiff signing any disclaimers stating that he was an at-will employee. The second set of promises pertain to Plaintiff's decision to forgo seeking employment elsewhere after being informed that the Plastics Division was for sale. Plaintiff alleges that he was promised continuous employment by his supervisor and that he did not pursue other employment in reliance on his supervisor's assurances. These promises were made after Plaintiff had signed documents indicating his employment was at-will status.

Again, the Court is reluctant to grant summary judgment at this early stage in the litigation. The Court identifies these two sets of promises for the sake of both parties in the hope that upon the completion of discovery, these issues may be properly fleshed out. At that time, Defendant may find it appropriate to renew its motion. However, at this time, the Court must deny Defendant's motion.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Partially Dismiss Plaintiff's Complaint is **GRANTED** in part and **DENIED** in part and Defendant's Motion for Partial Summary Judgment is **DENIED**.

An appropriate order shall issue.

10